IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                              Case No. 2:11-CR-20011-001

CHRISTIAN JHIOVANNY ZAVALZA                                DEFENDANT

## OPINION AND ORDER

Before the Court are Defendant Christian Jhiovanny Zavalza'a motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("U.S.S.G.") Amendments 782 and 788 (Doc. 75);  an addendum to Zavalza's PSR prepared by the probation office (Doc. 76); and the Government's response in opposition to the motion for reductions (Doc. 77).    For the reasons set forth below, the Court finds that the motion for reduction of sentence (Doc. 75) should be GRANTED.

Christian Jhiovanny Zavalza was charged, along with a co-defendant, in both counts of a two-count indictment filed on February 24, 2011.  (Doc. 12).  Zavalza was charged in Count 1 with conspiracy to distribute more than 500 grams of a mixture or substance containing methamphetamine and in Count 2 with being a felon in possession of ammunition.  Pursuant to a plea agreement (Doc. 32), Zavalza pleaded guilty to Count 1 on May 26, 2011.  The ammunition count was dismissed on the Government's motion at sentencing.  Section 2D1.1 of the 2010 guidelines manual was used to determine that Zavalza's base offense level was 32.  Zavalza was then assessed a two-level increase for possessing a weapon but then received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 31.   Since Zavalza's criminal history category was determined to be III, his resulting guidelines sentencing range was 135 to 168 months.  The Court imposed a sentence at the bottom of that range—135

months.  The Court also mandated payment of the $100 special assessment and imposed a fine of $5,000.

"[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . if such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Section 3582(c)(2) "establishes a two-step inquiry."  *Dillon v. United States*, 560 U.S. 817, 826 (2010).  The Court must first determine whether a reduction in this case is consistent with the guidelines, as amended, before then considering "whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."  *Id*.

The parties in this case are in agreement at step one of the analysis that Amendment 782 of the U.S.S.G. would lower Defendant's applicable guidelines range by two levels—from a level 32 to a level 30 base offense level, resulting a total adjusted offense level of 29 and a sentencing range of 120[1] to 135 months.  The Court agrees with the parties that Zavalza is eligible for a two-level reduction.  The Court must, then, consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, in determining if a reduction of Zavalza's sentence is warranted.

The Court has reviewed Zavalza's motion and attachments, the Government's response, and the complete record of this case and has considered all relevant factors under 18 U.S.C. § 3553(a).  The Court finds that the need for the sentence imposed to reflect the seriousness of the

---

[1] Zavalza is subject to a statutory mandatory minimum of 10 years.  21 U.S.C. 841(b)(1)(A)(viii). His adjusted sentencing range would otherwise be 108-135 months.

offense, to afford adequate deterrence, and to protect the public,[2] as well as the need to avoid unwarranted sentencing disparities[3] both weigh in favor of granting the reduction. The Court considered the remaining 3553(a) factors during Defendant's original sentencing hearing and concluded that a sentence at the bottom of the applicable guidelines range was appropriate. There is nothing about this case that would persuade the Court that a sentence at the bottom of the amended guidelines range—which would be in line with sentences now received by other defendants with similar records who have been found guilty of similar conduct—would not still be appropriate. Even if Zavalza were sentenced at the bottom of the amended guidelines range to 120 months, Zavalza is still facing a significant amount of time in prison and will not be due for release until 2020. The Court cannot find that a greater sentence is necessary to achieve the goals of sentencing as set out in § 3553.

In addition to the § 3553(a) factors, courts must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" when determining if a reduction is warranted and the extent of any reduction. U.S.S.G. § 1B1.10 cmt. n. 1(B)(ii). In this context, "[t]he court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." U.S.S.G. § 1B1.10 cmt. n. 1(b)(iii). The Government argues that no reduction is warranted "based on Zavalza's disciplinary infractions in prison which include possession of a dangerous weapon and refusing to work." (Doc. 77, p. 5). The two infractions cited by the Government both occurred on the same day—July 21, 2014. Zavalza admitted to both infractions and, as punishment, lost 41 days of good time credit, 90 days disciplinary segregation, 6 months loss of phone, and 30 days loss of visitation. Zavalza's record does not reflect any other infractions in

---

[2] 18 U.S.C. § 3553(a)(2)(A)-(C).
[3] 18 U.S.C. § 3553(a)(6).

his over four years of imprisonment.  Furthermore, the circumstances of the infractions are unknown and Zavalza has otherwise made notable achievements while incarcerated.  Zavalza completed his GED, is participating in a financial responsibility program to make payments towards his court-imposed financial obligations, completed drug education and is participating in a nonresidential treatment program, completed several other program offerings at his current facility, and is a member of the paint crew as a part of his work detail.  The Government's mere citation to two disciplinary infractions does not persuade the Court that no reduction is warranted in this case, taking into account all the relevant factors to be considered.  The Court is not persuaded that Zavalza, because of his two infractions over the course of more than 4 years, represents a heightened danger to any person or the community if his sentence were to be reduced.

Furthermore, the Court notes that § 3582 and U.S.S.G. § 1B1.10 give the Court some discretion in determining the extent of any reduction to be awarded.  Zavalza will not, in effect, receive a full two-level reduction by virtue of the fact that he is subject to a 120-month statutory mandatory minimum.  Even if the Court were to find that Zavalza's disciplinary infractions warranted a less than two-level reduction, the Court finds that Zavalza should still be entitled to a 15-month reduction to 120 months.

IT IS THEREFORE ORDERED that Defendant's motion for reduction of his sentence (Doc. 75) is GRANTED.  The Court determines that, upon application of Amendment 782, Defendant has a total offense level of 29 and a criminal history category of III, resulting in an advisory guidelines range of 120 to 135 months.  By separate order, the Court will impose a sentence at the bottom of the range of 120 months for the offense of conviction.

Except as otherwise provided, all provisions of the judgment dated December 1, 2011, shall remain in effect.

Defendant's original motion for reduction of sentence (Doc. 71), filed *pro se*, is DENIED AS MOOT.

IT IS SO ORDERED this 20th day of October, 2015.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE